IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THE GLYNN ENVIRONMENTAL COALITION, INC. AND CENTER FOR A SUSTAINABLE COAST, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SEA ISLAND ACQUISITION, LLC, <br><br> Defendant. | Civil Action No. 2:19-cv-00050-LGW-BWC |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiffs request this Court deny Defendant's Motion to Stay Discovery. Plaintiffs show the following:

**1. Defendant's Motion to Stay Discovery should be denied for failure to act in good faith and comply with the Instruction Order.**

On April 17, 2019, this Court entered a Rule 26 Instruction Order. (Dkt. No. 4). Section VII of the Instruction Order specifically orders the procedure for resolution of discovery disputes. Despite this Instruction Order, Defendant filed its Motion to Stay Discovery (Dkt. No. 10) without consulting with Plaintiffs and without abiding by the Court's mandatory procedure.

First, the Instruction Order directs that parties are to undertake "a sincere, good faith effort to resolve all differences without Court action or intervention." Instruction Order at 6. Defendants have not consulted with Plaintiffs regarding discovery. Plaintiffs have not even sought discovery. Defendant's Motion to Stay Discovery is preemptory, presumptive, and improper.

Second, the Instruction Order directs that the parties, after good faith efforts, are to "schedule a telephonic conference with the Magistrate Judge . . . prior to the filing of any

1

motions." In bold font, the Instruction Order states: "**The parties shall exhaust the first two steps of the process before filing any motions, briefs, memoranda of law, exhibits, deposition transcripts, or any other discovery materials with the Court.**" *Id* (emphasis original). Defendant did not consult in good faith and has not scheduled a telephonic conference with the Magistrate Judge prior to filing the Motion to Stay Discovery. Defendant failed to exhaust the first two steps of the process and is acting unilaterally to the detriment of the Plaintiffs and this Court's time.

The Instruction Order provides remedies for Defendant's inappropriate Motion to Stay Discovery.

> The Court will refuse to hear any discovery motions unless the parties have made a sincere, good faith effort to resolve the dispute **and** there has been strict compliance with all of the above-identified steps. Failure to fully comply with all of the prerequisite steps may result in a denial of any motion, with prejudice, and may result in an award of costs and reasonable attorney's fees.

*Id*. (emphasis original). This Court should deny the Motion to Stay Discovery .

**2.     Plaintiffs intend to comply with the Instruction Order prior to seeking formal discovery from Defendant.**

Plaintiffs have not sought any discovery, whether informally or formally, in this case because they intend to comply with the Instruction Order prior to commencing discovery. That said, Plaintiffs will need discovery from Defendant, Glynn County, and the United States Army Corps of Engineers. This discovery can be conducted in a manner that accords with Rule 1, which directs all actions to be secured in a just, speedy, and inexpensive manner.

Prior to conducting any discovery pursuant to Rules 30, 31, 33, and 36, Plaintiffs propose that they be permitted to compel the production of documents and things from Defendant and from third parties, including Glynn County and the Corps, pursuant to FED. R. CIV. P. 34. The production of documents should substantially narrow the scope of depositions, interrogatories,

and admissions, if any are needed. Moreover, Plaintiffs will agree to abstain from seeking depositions, interrogatories, and admissions until Defendant has timely answered Plaintiffs' Complaint because many if not all of the allegations should be admitted and resolve the need for extensive discovery or litigation. The production of documents should not similarly be delayed.

Plaintiff GEC has a history of litigating in good faith with Sea Island entities. For example, in the *Twitty Park* Case in Glynn County Superior Court, Plaintiff GEC, sought production of documents, admissions, and interrogatories and did not seek any depositions. The parties did not have any discovery disputes in litigation that lasted over three years and resulted in a judgment in favor of GEC. *See* Civil Action No. CE16-00025-063 in the Superior Court of Glynn County, Georgia, Final Order dated April 29, 2019. The parties should also be able to civilly conduct discovery in an orderly manner in this case.

**3.     Production of documents will not unfairly burden Defendant or third parties.**

Neither Defendant nor third parties will be harmed by producing documents after consultation in accordance with the Information Order. Defendant relies on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), but there the Court was concerned that discovery regarding "dubious" claims would "reveal[] marketing strategies and safety testing" that would give away competitive and proprietary information to third parties. *Id*. at 1368-71. Here, there is no similar harm. Plaintiffs' claims are well-plead and Plaintiffs will primarily seek non-proprietary information regarding Defendant's interaction with public officials that is required to be disclosed under the Clean Water Act, the Georgia Open Records Act, and the Freedom of Information Act.

"Nothing in *Chudasama,* however, means discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss. To the contrary, such stays are disfavored unless the pending motion will dispose of the case or narrow the issues. And the party seeking

3

the stay must prove good cause and reasonableness." *Jones v. Bank of Am. Corp.*, No. 4:08-CV-152 WLS, 2013 WL 5657700, at *2 (M.D. Ga. Oct. 15, 2013) (internal quotations and citations omitted). The production of documents will aid Plaintiffs in prosecuting this case and, hopefully, narrow the need for future discovery.

**4.    The Motion to Dismiss, like the Motion to Stay Discovery, should be denied.**

Defendant's primary assertion in its Motion to Stay Discovery is that its Rule 12(b)(1) and (6) Motion to Dismiss is a facial challenge that should be resolved before discovery begins. But, like the Motion to Stay Discovery, the Motion to Dismiss is not well-conceived. The primary assertion in the Motion to Dismiss is that Sea Island complied with its authorization to act under a Nationwide Permit. But, this assertion is a factual dispute that is inappropriate at the Rule 12 stage. Moreover, Plaintiffs allege intentional and malicious misrepresentations by Sea Island that appear to be factually disputed by Sea Island. These factual disputes cannot be resolved at the Rule 12 stage. Defendant should answer the Plaintiffs' allegations and respond in good faith to its discovery requests.

**WHEREFORE**, Plaintiffs respectfully request that the Court deny with prejudice Defendant's Motion to Stay Discovery. Alternatively, Plaintiffs request that any stay be limited in scope and not apply to the production of documents from Defendant, Glynn County, the Corps, and any other third party.

Respectfully submitted on May 31, 2019.

*/s/ E. Righton J. Lewis*
E. Righton J. Lewis
Georgia Bar No. 215211
**BUTLER SNOW LLP**
1170 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
(678) 515-5064 Telephone
(678) 515-5001 Facsimile
righton.lewis@butlersnow.com

*Attorney for Plaintiffs The Glynn Environmental Coalition, Inc. and Center for a Sustainable Coast, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on May 31, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

James B. Durham
jdurham@hallboothsmith.com


*/s/ E. Righton J. Lewis*
E. Righton J. Lewis
Georgia Bar No. 215211

47668866.v1