IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THE GLYNN ENVIRONMENTAL COALITION, INC., and CENTER FOR A SUSTAINABLE COAST, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>SEA ISLAND ACQUISITION, LLC,<br><br>    Defendant. | Case No. 2:19-cv-00050-LGW-BWC |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

This case arises out of Plaintiffs The Glynn Environmental Coalition, Inc., and Center for a Sustainable Coast, Inc.'s attempted citizen suit under the provisions of the Clean Water Act, 33 U.S.C. § 1251 *et. seq.* Defendant Sea Island Acquisition, LLC ("SIA") moved to dismiss the Plaintiffs' complaint on May 9, 2019, arguing facial challenges to the legal sufficiency of the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (*See generally* Doc. 6 and 6–1.) On May 20, 2019, SIA moved to stay the discovery period during the pendency of its motion to dismiss because, if its motion to dismiss is granted, there will be no need for any discovery on the claims plead. (Doc. 10.)

The Plaintiffs responded to SIA's motion to stay discovery on May 31, 2019. (Doc. 13.) In their response, the Plaintiffs argue that discovery should not be stayed because: (1) SIA failed to comply with the Rule 26 Instruction Order; (2) that they intend to comply with the Instruction Order before seeking formal discovery from SIA; (3) producing documents will not unfairly

burden SIA or third parties; and (4) they argue both the motion to dismiss and the motion to stay should be denied. (Doc. 13 at 1–4.) All of these arguments are meritless and will be refuted in turn.

**I.      The Rule 26 Instruction Order does not Apply to the Motion to Stay Discovery.**

The Plaintiffs argue because the Rule 26 Instruction Order (Doc. 4) requires the parties to undertake "a sincere, good faith effort to resolve all differences without Court action or intervention[,]" SIA failed to comply with the Instruction Order because it did not consult with the Plaintiffs prior to moving to stay discovery. (Doc. 13 at 1.) This argument is specious. The Plaintiffs cite and reference Section VII of the Instruction Order entitled "Resolution of Discovery Disputes[.]" (*See* Doc. 4 at 5–6 and Doc. 13 at 1–2.) That section of the Instruction Order, as evidenced by its title, governs discovery disputes. There has been no discovery in this case yet, the discovery period has not begun, the parties have not yet conferred under Rule 26(f)—nor have they prepared and submitted a report of their Rule 26(f) conference. Thus, there is no discovery to dispute nor any on which to consult with Plaintiffs' attorneys.

The procedures outlined by the Court in Section VII of the Instruction Order apply when the parties intend to file motions under Title V of the Federal Rules of Civil Procedure. (Doc. 4 at 5.) Title V governs "Disclosures and Discovery". Before filing a *discovery* motion to address a *discovery dispute*—like motions to compel, quash, for protective orders, extensions of time to complete discovery, or for discovery sanctions—the parties must first confer with each other in a good-faith attempt to resolve the dispute. (Doc. 4 at 5–6; *see also* S.D. Ga. LR 26.5(c) "Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.") If that fails, the parties must schedule a telephonic conference with the Magistrate Judge to endeavor to resolve the dispute before filing any discovery motion. (*Id.* at 6.)

If the dispute is still not resolved following the telephonic conference with the Magistrate Judge, the "Court will entertain a discovery motion." (*Id.*)

Again, there is no discovery dispute here because no discovery has been commenced or conducted for any party to dispute. The Plaintiffs acknowledge this in their response. (*See* Doc. 13 at 1, "Plaintiffs have not even sought discovery"; Doc. 13 at 2, "Plaintiffs have not sought any discovery, whether informally or formally….") Despite this acknowledgment, the Plaintiffs accuse SIA of failing to follow the Rule 26 Instruction Order procedure for resolving a discovery dispute when discovery has not even begun—much less is it in dispute. SIA simply asks this Court to stay discovery during the pendency of its motion to dismiss, a motion that, if granted, will dispose of this action in its entirety. It is well-settled that "'neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].'" *Smith v. HSBC Bank USA*, No. 2:15-cv-70, 2015 WL 13021800, *1 (S.D. Ga. July 20, 2015) (quoting *Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir. 2005)) (alteration in original). SIA has not violated the Court's Instruction Order. The Plaintiff's argument to the contrary is baseless. Discovery should be stayed until such time as the Court rules on SIA's motion to dismiss.

**II.     SIA also will comply with the Instruction Order before seeking discovery.**

The Plaintiffs state they "intend" to comply with the Court's Instruction Order before seeking "formal discovery" from SIA and further "propose that they be permitted to compel the production of documents and things" from SIA and nonparties under Rule 34 before seeking depositions under Rules 30 and 31 and before propounding any interrogatories and requests for admission under Rules 33 and 36, respectively. (Doc. 13 at 2.) This stance makes no difference. The Plaintiffs may use methods of discovery in any sequence. Fed. R. Civ. P. 26(d)(3)(A). Once the discovery period begins, SIA will participate fully in the discovery process. But because SIA

has a meritorious motion to dismiss that, if granted, will dispose of the entire action, SIA has moved to stay the discovery period until such time as the Court rules on its dispositive motion. The motion to stay discovery should be granted in these circumstances. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 167–68 (11th Cir. 1997); *Moore*, 141 Fed. Appx. at 807.

### III.     Engaging in discovery is a waste of time and resources at this juncture.

Plaintiffs argue SIA and nonparties will not be unfairly burdened by production of documents and that production of documents will "aid Plaintiffs in prosecuting this case and, hopefully, narrow the need for future discovery." (*Id.* at 3–4.) In addition, Plaintiffs argue that "[n]othing in *Chudasama*, however, means discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss." (*Id.* at 3) (citation omitted). SIA already raised this notion in its motion to stay discovery. (Doc. 10 at 2.) But the caselaw Plaintiffs cite—in the very next sentence no less—provides that "such stays are disfavored unless the pending motion will dispose of the case or narrow the issues." (*Id.*) (citing *Jones v. Bank of Am. Corp.*, No. 4:08-cv-152, 2013 WL 5657700, *2 (M.D. Ga. Oct. 15, 2013)). This is such a case. SIA's motion will dispose of the case if granted. Staying discovery here will further "the goals of controlling the case and saving the time and effort of the court, counsel, and the parties…." until the Court rules on SIA's pending motion to dismiss. *James v. Hunt*, 761 Fed. Appx. 975, 981 (11th Cir. 2018). A stay of discovery is thus proper and should be granted.

### IV.     SIA's Motion to Dismiss and Motion to Stay Discovery Should Both be Granted.

Plaintiffs argue that, "like the Motion to Stay Discovery," SIA's motion to dismiss "is not well-conceived" and raises "factual disputes[.]" (Doc. 13 at 4.) Respectfully, this is for the Court to decide. On balance, the point remains: "neither the parties nor the court have any need for

4

discovery before the court rules on the motion [to dismiss]." *Moore*, 141 Fed. Appx. at 807. SIA's motion for a stay of discovery pending its motion to dismiss should be granted.

## Conclusion

SIA has challenged the legal sufficiency of the Plaintiffs' claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because of that, SIA has moved this Court to stay the discovery period until a ruling on its motion—a motion that, if granted, will dispose of the case. This Court routinely finds good cause to stay discovery where there is a pending motion to dismiss. (*See* Doc. 10 at 2) (compiling cases). Granting the motion to stay will prevent expending unnecessary cost and time by the parties, counsel, and the Court while the motion to dismiss pends. For these reasons, and those raised in its motion to stay discovery, Sea Island Acquisition, LLC, respectfully requests that discovery be stayed until the Court rules on its motion to dismiss.

Respectfully submitted this 7th day of June 2019.

                                                    HALL BOOTH SMITH, P.C.

                                                    **s:/ *James B. Durham***
                                                    JAMES B. DURHAM
                                                    Georgia Bar No. 235526
                                                    *Attorney for Defendant*

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
PH:    (912) 554-0093
Fax:   (912) 554-1973
jdurham@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| THE GLYNN ENVIRONMENTAL COALITION, INC., and CENTER FOR A SUSTAINABLE COAST, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SEA ISLAND ACQUISITION, LLC, <br><br> Defendant. | **Case No. 2:19-cv-00050-LGW-BWC** |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Defendant's Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Stay Discovery** with the Clerk of this Court through the Court's CM/ECF System that will send a notice of electronic filing to all parties to the following counsel of record:

E. Righton J. Lewis, Esq.
Butler Snow, LLP
1170 Peachtree Street, N.E., Suite 1900
Atlanta, GA 30309

This <u>7th</u> day of June 2019.

HALL BOOTH SMITH, P.C.

**s:/ *James B. Durham*** 
JAMES B. DURHAM
Georgia Bar No. 235526
*Attorney for Defendant*

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
PH:   (912) 554-0093
Fax:   (912) 554-1973
jdurham@hallboothsmith.com