## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

THE GLYNN ENVIRONMENTAL COALITION, INC. AND CENTER FOR A SUSTAINABLE COAST, INC.,

        Plaintiffs,

     v.

SEA ISLAND ACQUISITION, LLC,

        Defendant.

CIVIL ACTION NO.: 2:19-cv-00050-JRH-BWC

## RULE 26(f) REPORT

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

June 19, 2019
E. Righton J. Lewis
Counsel for Plaintiffs

James B. Durham
Counsel for Defendant

I.      **INITIAL MATTERS:**

   A.  **<u>Jurisdiction and Venue</u>**

   The defendant(s)

   ☐ does        ☒ does not

   contest jurisdiction and/or venue (for multiple defendants, identify which defendants
   contest jurisdiction and/or venue).  If contested, such position is because:

   1)  Jurisdiction:

   <u>N/A</u>

   2)  Venue:

   <u>N/A</u>

   B.  **<u>Immunity</u>**

   The defendant(s)

   ☐ has raised        ☐ will raise        ☒ will not raise

   an immunity defense based on:

   <u>N/A</u>

**C.  Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided.  If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

Defendant filed a Motion to Stay on May 20, 2019. [Doc. 10] That Motion seeks a stay of all discovery until the Court rules on Defendant's pending Motion to Dismiss. Plaintiffs oppose Defendant's Motion to Stay, and in the alternative, request that any stay be limited in scope and not apply to the production of documents from Defendant, Glynn County, the Corps, or any other third party. [Doc. 13]

## II.    SETTLEMENT:

### A. **<u>Settlement Efforts to Date</u>**

The parties state:

☐        They have not yet taken any efforts to resolve this dispute.

☒        They have taken efforts to resolve this dispute, and those efforts generally consisted of:

<u>The parties discussed at the Rule 26(f) Conference whether settlement is possible in this case. There will be further discussion as the case progresses.</u>

### B. **<u>Early Settlement Discussion</u>**

Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

☐        The parties are prepared to discuss settlement with the Court at this time.

☒        The parties will not be prepared to discuss settlement until:  discovery ends.

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

<u>Settlement discussion are ongoing between the parties. If the parties are unable to reach agreement, they will be prepared to discuss settlement with the Court at the close of discovery.</u>

III.    **INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:**

A.  **Initial Disclosures**

Rule 26(a)(1) disclosures:

☐ have been completed.    ☒ will be completed by **July 12, 2019**.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference.  If any party is requesting additional time to provide disclosures, please explain why:

Both parties stipulate to additional time to serve Initial Disclosures because the standard deadline falls during the July 4 holiday week.

B.  **Scheduling Conference**

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order.  Ordinarily, the Court will allow appearance via telephone.  If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

The parties do not request a Scheduling Conference.

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report.  Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

If the Court wishes to conduct a Scheduling Conference, the parties are available July 17 and 18.

## IV.   DISCOVERY

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

First:   Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);

Second:   Conducting discovery depositions of fact witnesses who have not been designated as experts;

Third:   Making all expert disclosures; and

Fourth:   Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties <u>must</u> propose discovery deadlines that follow this sequential course.  In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures.  Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

<u>N/A</u>

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

<u>The parties anticipate the use of experts and the need for discovery from nonparties which may cause delay in the fact discovery period. Accordingly, the parties are requesting 227 days of discovery.</u>

6

**A.  Fact-Based Written Discovery, Inspections, and Examinations**

   i.    Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by **October 1, 2019**.

   ii.    The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is: <u>25</u>.

          If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

          <u>N/A</u>

   iii.    Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)?  <u>Yes</u>

          If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

          <u>Plaintiffs anticipate requesting an inspection pursuant to Fed. R. Civ. P. 34. The inspection would be attended by an expert but is likely to be requested during the fact-based discovery period.</u>

   iv.    Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35?  <u>Not Applicable</u>

          If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

          <u>N/A</u>

**B.  <u>Depositions of Non-Expert Witnesses</u>**

    i.    Discovery depositions of witnesses who have not been designated as experts will be completed by:  **<u>November 15, 2019</u>**.

    ii.    The maximum number of depositions (including all expert and non-expert) that may be taken by a party is:  <u>10</u>.

         If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

         <u>N/A</u>

    iii.    Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of:

         <u>N/A</u>

         which, by agreement, shall be limited as follows:

         <u>N/A</u>

**C.  <u>Expert Discovery</u>**

   i.    Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  <u>Yes</u>

   ii.    Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  <u>Yes</u>

   iii.    Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **<u>November 15, 2019</u>**.

   iv.    Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **<u>December 16, 2019</u>**.

   v.    The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by **<u>February 14, 2020</u>**.

        If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

        <u>N/A</u>

**D. <u>Agreed Discovery Procedures</u>**

   i.   <u>Unique Circumstances</u>

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming?  If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

<u>Plaintiffs will request discovery from non-parties, including but not limited to EPD, Army Corps of Engineers, and Glynn County. In consideration of this potential delay, the parties have agreed to extend fact discovery.</u>

   ii.   <u>Phased Discovery</u>

Does any party propose that discovery be limited or proceed in phases?  If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time.  Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter.  As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

<u>N/A</u>

**E.  <u>Third-Party Discovery</u>**

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action?  <u>Yes</u>

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

<u>Plaintiffs will request discovery from non-parties, including but not limited to EPD, Army Corps of Engineers, and Glynn County. The parties anticipate cooperation from these third party entities but probable delay. In consideration of this potential delay, the parties have agreed to extend fact discovery. The parties do not see the need for any third party to participate in a scheduling conference.</u>

11

**F.** <u>**Electronically Stored Information**</u>

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order.  The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i.   Do the parties anticipate any disagreements about electronic discovery?  If so, please explain:

<u>The parties do not anticipate any disagreements about electronic discovery.</u>

ii.   Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery?  If so, please explain:

<u>N/A</u>

iii.   Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

<u>N/A</u>

G. **Privileged, Protected, and/or Confidential Communications and Information**

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

i.   Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection?  Yes

If so, please briefly describe such agreement:

The parties agree to provide a privilege log if any documents are withheld from discovery on the basis of privilege or confidentiality. The parties have discussed the potential need for a confidentiality order and/or clawback agreement but are not in a position at this time to know what is needed.

ii.  Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

No

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.  Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

N/A

iii. Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

Not at this time.

If so, please explain:

N/A

### H.  **Protected Health Information**

i.  Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

   No

ii.  Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

   Not Applicable

iii.  Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

   Not Applicable

iv.  Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order?  No

   If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.  Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

   N/A

v.  Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement?  No

   If so, please explain:

   N/A

## V.    MOTIONS

### A.  Motions to Amend the Pleadings or to Add Parties

i.    The plaintiff(s)        ☐ does        ☒ does not

anticipate the need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by **___**.

ii.    The defendant(s)        ☐ does        ☒ does not

anticipate the need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by        .

If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

N/A

iii.    By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer.  If any party is requesting more than this time, please state the reason(s) why such time is necessary.

N/A

### B.  Civil Motions (Except Motions in Limine)

All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by:  April 1, 2020.

If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

**Motions to Exclude Expert Testimony:  March 16, 2020.

**Motions for Summary Judgment:  April 1, 2020.

The parties seek leave to file motions to exclude expert testimony on Daubert and other grounds by March 16, 2020, and file motions for summary judgment, if any, by April 1, 2020.

15

VI.     **PRETRIAL**

    A.  <u>**Pretrial Order**</u>

        The parties shall prepare and file the joint consolidated pretrial order by:  <u>**May 31, 2020**</u>.

        The Court generally provides sixty (60) days following the civil motions deadline to file the pretrial order.  However, if a motion for summary judgment or other dispositive motion is pending at the time of the deadline, the deadline for filing the pretrial order is automatically extended to twenty-one (21) days after the Court's ruling on the motion for summary judgment or other dispositive motion.  If any party is requesting additional time (a deadline more than sixty (60) days following the civil motions deadline), please state the reason(s) why such time is necessary:

        <u>N/A</u>

    B.  <u>**De Ben Esse Depositions**</u>

        The parties shall complete all depositions of all witnesses (whether fact or expert) that are *de ben esse depositions* (taken not for discovery but for testimony to be used at trial) by:  Twenty-one (21) days after the Court's ruling on the motion for summary judgment or other dispositive motion.

        The Court generally provides thirty (30) days before the pretrial order deadline to complete *de ben esse* depositions.  If any party is requesting additional time, please state the reason(s) why such time is necessary.  The parties are cautioned that they will be required to specifically designate all testimony that they seek to offer by deposition as well as all objections to such testimony in the consolidated pretrial order.

        <u>The parties request that they not be ordered to take de ben esse depositions until the court has ruled on dispositive motions, if any. The parties request that they have twenty-one (21) days after the Court's ruling on the motion for summary judgment or other dispositive motion.</u>

**VII.    ADDITIONAL MATTERS**

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:

<u>N/A</u>

Dated:  **<u>July 2, 2019</u>**

_____          _____
Pro Se                                                                Pro Se

<u>/s/  E. Righton J. Lewis</u>_____
<u>/s/  John A. Brunini (admitted Pro Hac Vice)</u>
Counsel for Plaintiff(s)                              Counsel for Plaintiff(s)

<u>/s/  James B. Durham</u>_____                       <u>/s/</u>____
Counsel for Defendant(s)                         Counsel for Defendant(s)

<u>/s/</u>_____                             <u>/s/</u>____
Counsel for Defendant(s)                         Counsel for Defendant(s)