IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THE GLYNN ENVIRONMENTAL COALITION, INC.; and CENTER FOR A SUSTAINABLE COAST, INC., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:19-cv-50 |
| v. | |
| SEA ISLAND ACQUISITION, LLC, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on Defendant's Motion to Stay Discovery. Doc. 10. For the following reasons, the Court **GRANTS** Defendant's Motion.

On May 9, 2019, Defendant filed a motion to dismiss which is currently pending before the Court. Doc. 6. In that motion to dismiss, Defendant argues Plaintiffs' Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject-matter jurisdiction under Rule 12(b)(1). Doc. 6-1 at 15. On May 20, 2019, Defendant filed a Motion to Stay requesting the Court stay discovery pending the outcome of its motion to dismiss, doc. 6. Doc. 10 at 1–2. In opposition, Plaintiffs argue the Court should deny Defendant's Motion because discovery is not unfairly burdensome and because Defendant's motion to dismiss contains factual disputes which "cannot be resolved at the Rule 12 stage."[1] Doc. 13 at 4; Doc. 20.

---

[1] Plaintiffs also argue Defendant failed to comply with the Court's Rule 26(f) Instruction Order, doc. 4, because Defendant did not confer with Plaintiffs or request a conference with the Court before filing its Motion to Stay. Doc. 13 at 1–3. Defendant initially opposed this argument but withdrew its opposition. Doc. 18 at 3; Doc. 20. Defendant's Motion requests a stay of all discovery obligations—in other words, all obligations that arise under Title V of the Federal Rules—and, therefore, the parties

"[C]ourts are entitled to broad discretion in managing pretrial discovery matters," including motions to stay. Rivas v. Bank of New York Mellon, 676 F. App'x 926, 932 (11th Cir. 2017) (quoting Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002)); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). Generally, "motions to stay discovery are disfavored as they 'can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" Carapella v. State Farm Fla. Ins. Co., No. 8:18-cv-2396, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018) (quoting Feldman v. Flood, 176 F.R.D 651, 652 (M.D. Fla. 1997)). However, when "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman, 176 F.R.D. at 652). "[T]he party seeking the stay has the burden of demonstrating why a stay should issue." Carapella, 2018 WL 7268163, at *1.

When a party requests a stay of discovery pending resolution of a motion to dismiss, the court should determine whether the parties or the court "have any need for discovery before the court rules on the motion." Chudasama, 123 F.3d at 1367. "[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005). When the "[r]esolution of a pretrial motion turns on [a] finding[] of fact," parties may need to engage in

---

should have conferred on the issue and presented it to the Magistrate Judge before filing a motion. Doc. 4. Even so, Defendant relied on a good-faith interpretation of the Court's Order, and the parties have now conferred about the requested stay and are unable to reach an agreement about the issue. Doc. 18 at 3; Doc. 21 at 3. The Court, therefore, excuses any inadvertent noncompliance with the Court's Rule 26(f) Instruction Order.

"some limited discovery before a meaningful ruling can be made." Chudasama, 123 F.3d at 1367.

Rule 12(b)(6) motions to dismiss present "[f]acial challenges to the legal of a claim or defense [and should thus] be resolved before discovery begins." Id.; see also Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005). Rule 12(b)(1) motions, however, can "take[] one of two forms: a 'facial attack' or a 'factual attack.'" Fefel v. Silver Tree Residential, LLC, No. 18-cv-62065, 2018 WL 6267944, at *1 (S.D. Fla. Nov. 30, 2018). Facial attacks on the sufficiency of the allegations in the complaint merely require a court "look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" Id. (quoting McElmurray v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1251 (11th Cir. 2007)). "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008).

Here, several of Defendant's arguments, if granted, would result in the dismissal of this action. Docs. 6-1, 10, 18. However, Plaintiffs allege that at least some of Defendant's arguments are factual disputes which are "inappropriate at the Rule 12 stage." Doc. 13 at 4. Specifically, Plaintiffs contend that Defendant's "primary assertion" in the motion to dismiss relates to whether Defendant complied with its permit and that factual findings "must" be made in order to resolve this argument. Doc. 13 at 4; see Doc. 6-1 at 7–9; Doc. 11 at 6–7. However, Plaintiffs also argue that their Complaint "sufficiently pleaded factual allegations of misrepresentation that . . . moot the question of compliance . . . ." Doc. 13 at 6–7.

Moreover, Defendant raises five arguments in its motion to dismiss, of which permit compliance is merely one. Doc. 6-1 at 4–14. The other arguments challenge the sufficiency of

3

Plaintiffs' pleadings—specifically, whether Plaintiffs can bring a cause of action under the Clean Water Act, whether Plaintiffs sufficiently alleged a violation of the Clean Water Act, whether Plaintiffs' allegations demonstrate an injury-in-fact, and whether Plaintiffs' Complaint constitutes an impermissible "shotgun pleading." Id.  These remaining arguments represent facial attacks which likely will not require additional discovery to resolve.  Finally, Defendant argues a stay will not cause Plaintiffs substantial prejudice.  Doc. 10 at 3; Doc. 20.  Plaintiffs do not dispute this point or identify any prejudice that would arise from a stay.  Doc. 13.  Thus, Defendant has demonstrated that its motion to dismiss, if granted, would limit or eliminate the need for discovery.  The Court, therefore, finds that good cause exists to stay discovery pending the resolution of Defendant's motion to dismiss.

Accordingly, the Court **GRANTS** Defendant's Motion, doc 10, and **STAYS** discovery in this case pending resolution of Defendant's motion to dismiss.  This stay will be automatically lifted upon the issuance of a Court Order ruling on the motion to dismiss.

**SO ORDERED**, this 5th day of August, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4