**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

THE GLYNN ENVIRONMENTAL   *
COALITION, INC.; CENTER FOR A   *
SUSTAINABLE COAST, INC.; and   *
JANE FRASER,   *
            *
  Plaintiffs,      *
            *    CV 219-050
    v.        *
            *
SEA ISLAND ACQUISITION, LLC,   *
            *
  Defendant.

**O R D E R**

Before the Court are two motions: (1) Defendant's motion for renewal of its motion to dismiss, and (2) Plaintiffs' cross-motion to compel Defendant to provide a more definite statement. (Docs. 45, 52.)

On January 29, 2021, this Court granted Defendant's motion to dismiss, finding Plaintiffs lacked standing to bring this suit. (Doc. 34.) On April 1, 2022, however, the United States Court of Appeals for the Eleventh Circuit vacated this Court's Order and remanded the case for further proceedings. (Doc. 42, at 16.) Defendant now moves to renew its previous motion to dismiss, (Doc. 26), incorporating that motion by reference and "show[ing] the Court it has a pending [m]otion to [d]ismiss all of the substantive claims of the Plaintiffs." (Doc. 45, at 3.) It argues that while the Court of Appeals "addressed the issue of standing," "all

[other] remaining issues raised in its [m]otion to [d]ismiss are still pending before the Court." (Id.)

Plaintiffs, however, are unsatisfied with Defendant's reincorporation of its previous motion and move for a more definite statement of "which issues the Defendant is now reasserting and reincorporating." (Doc. 52, at 4.) Without a more definite statement, Plaintiffs claim they "are left to presume or 'guess'" the arguments Defendant brings in its renewed motion. (Id.)

The Court disagrees. Upon adopting the Eleventh Circuit Court of Appeals' Order, this Court reopened the case. (Doc. 48.) Defendant's motion to dismiss was thereby reinstated and is currently pending before the Court. (Doc. 26.) As such, Defendant's motion to renew (Doc. 45) must be **DENIED AS MOOT**. Because briefing on that motion has concluded, the Court finds no basis for Plaintiffs' claim that they cannot discern the bases for Defendant's motion. Those bases remain the same, less one: the narrow standing issue previously addressed by this Court and the Eleventh Circuit Court of Appeals. (Docs. 34, 42.) The Court sees no need to require the Parties to expend time and resources re-briefing issues that were already argued before the Court.

However, the Court does note Plaintiffs' averment that "developments in the law regarding citizen suit enforcement of Sections 404 and 301 violations have been ongoing" since the Court's initial Order, and that these "new developments . . . have

2

[not] been briefed by the [P]arties." (Doc. 52, at 2.) As such, the Court **GRANTS** Plaintiff's request for limited, supplemental briefing on any such intervening law.[1] (Doc. 52.) Each Party **SHALL FILE** any additional briefing to address intervening law – specifically, regarding "whether citizen suit claims are available for violations of Sections 404 and 301 of the Clean Water Act" – by **MONDAY, JULY 11, 2022.** (<u>Id.</u> at 7.) No responses will be permitted.

ORDER ENTERED at Augusta, Georgia, this 27ᵗʰ day of June, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiffs also wish to "brief[] the impact of the [Eleventh] Circuit's [appeal] decision on this very case." (Doc. 52, at 2.) They imply the Eleventh Circuit's Order in this case is an "intervening decision," and they seek to argue it "clearly demonstrated [Plaintiffs] provided notice pleading" for several of their claims. (<u>Id.</u> at 5-7.) The Court will not consider any such arguments. The only arguments the Court will consider in this supplemental briefing are those related to intervening case law as described above.