**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| THE GLYNN ENVIRONMENTAL COALITION. and CENTER FOR A SUSTAINABLE COAST, and JANE FRASER in her individual capacity, and as member of THE GLYNN ENVIRONMENTAL COALITION and CENTER FOR A SUSTAINABLE COAST, <br><br>    Plaintiff, <br><br> v. <br><br> SEA ISLAND ACQUISITION, LLC, <br><br>    Defendant. | CIVIL ACTION FILE NO. 2:19-CV-00050-JRH-BWC |

**SEA ISLAND ACQUISITION, LLC'S SUPPLEMENTAL BRIEFING ON
DEVELOPMENTS IN THE LAW REGARDING AVAILABILITY OF CITIZENS'
SUITS UNDER SECTIONS 301 AND 404 OF THE CLEAN WATER ACT**

Pursuant to the Court's Order, dated June 27th, 2022, Defendant Sea Island Acquisition, LLC (hereinafter, "Sea Island" or "Defendant"), files this supplemental brief addressing developments in the law regarding "whether citizen suits claims are available for violations of Sections 404 and 301 of the Clean Water Act." (Doc. 56 at 3). [1]

**ARGUMENT**

This supplemental brief is comprised of two sections. First, Defendant proffers available case law on the narrow issue presented by the Court, and second, Defendant addresses case law cited by the Plaintiffs in their Motion to Compel [sic] to Provide a More Definite Statement and to Establish a Limited Briefing Schedule for the proposition that there are substantive changes in the law regarding the interplay between Sections 301 and 404. (Doc. 52 at 8).

---

[1] Initial briefing in this matter concluded on May 5, 2020, and thus, all substantive case law presented in this supplemental briefing will be on decisions after May 5, 2020.

A. Case law interpreting Sections 301 and 404 after the initial briefing period is consistent with case law presented in Defendant's initial briefing.

In Naturaland Trust v. Dakota Finance, LLC, the plaintiffs brought forth claims for violations of Section 402[2] and Section 404 of the Clean Water Act (hereinafter, "CWA"). 531 F. Supp. 3d 953, 959 (D.S.C. 2021). Plaintiffs alleged two specific claims related to Section 404, stating "[d]efendants have undertaken regulated fill activities beyond that authorization or, in other words, have violated the terms of the permit." Id. at 964. Moreover, the plaintiffs alleged, "[t]o the extent [d]efendants possess a permit under Section 404 of the CWA, [d]efendants' discharge of fill material into the Unnamed Tributary is in violation of the terms of that permit." Id.; Cf. (Plaintiffs' Amended Complaint, Doc. 24 at 27, ¶ 156) ("Because Sea Island's fill of the Subject Wetland was not in compliance with NWP 39 issued under Section 404 of the Clean Water Act, the fill in the Subject Wetland is an illegal discharge into the water of the United States in accordance with Section 301(a) of the Clean Water Act. 33 U.S.C. § 1311(a). Sea Island continues to violate the Clean Water Act each day the Subject Wetland remains filled without complying with Section 404 of the Clean Water Act.").

The South Carolina District Court analyzed the provision of the citizens' suit statute, referencing the enumerated list of possible violations in which a citizens' suit under the CWA could be brought. The court found that "[n]otably missing from the list of effluent standards enforceable in a citizen suit is a standard or limitation in a 404 permit…." Id. The court based its reasoning on the Fifth Circuit opinion in Atchafalaya Basinkeeper v. Chustz, which held "that if Congress intended to authorize citizen suits" for a 404 permit "it could have simply added another subsection" to the citizens' suit provision of the CWA, like Congress had for other provisions in the CWA. Id. at 964-65 (citing 682 F.3d 356 (5th Cir. 2012)); see also (Motion to

---

[2] The alleged violation of Section 402 was dismissed, but the court's analysis related to the 402 Permit is not relevant to the question presented by this Court.

Dismiss Amended Complaint, Doc. 26 at 13-14) (explaining the reasoning behind the Chustz court in determining that Congress explicitly excluded Section 404 as a vehicle for a citizens' suit, and thus, Plaintiffs' claims against Sea Island must fail as a matter of law).

Ultimately, the court found that "[e]nforcement of a 404 permit is solely within the discretion of the Army Corp of Engineers," and "[t]he CWA does not provide for a citizens' suit" for an alleged violation of  a Section 404 permit under the CWA, dismissing the plaintiffs' citizens' suit for alleged violations of a 404 permit. Id. at 965.

In a more recent decision, the United States District Court for the Southern District of California also determined that a plaintiff's claimed violation of a 404 permit was barred for lack of jurisdiction. Kelly v. City of Poway, No. 18cv2615-JO-DEB, 2022 WL 1524737 *1 (S.D. Cal. May 13, 2022). Kelly sued the City of Poway, in part, for failing to obtain an individualized permit for repairs to multiple projects in the city. Id. at *1, 5-6.

The court began its analysis by determining if the citizens' suit provision of the CWA allowed for a suit for alleged violations of a 404 permit, and found that "the CWA specifically enumerates the sections under which a private citizen can sue and [Section 404] is not among them." Id. at *6. Moreover, the court found prior rulings related to barring citizens' suits for 404 permits persuasive in "concluding that the omission of § 1344 from the specifically enumerated list in § 1365 means that a private citizen cannot sue for purported violations of § 1344." Id. (citing Nw. Env't Def. Ctr. v. U.S. Army Corps of Engineers, 118 F. Supp. 2d 1115, 1117–19 (D. Or. 2000); Jones v. Rose, No. CV 00–1795–BR, 2005 WL 2218134, at *23 (D. Or. Sept. 9, 2005). The court concluded by dismissing the claim for alleged violations of a Section 404 permit as it is not an "effluent standard or limitation" under the citizens' suit provision, and thus, a claim brought under Section 404 is barred for lack of jurisdiction. Id.

Further, a recent Northern District of Georgia case explained that "Section [301] prohibits the 'discharge of any pollutant' from any point source **in the absence of a permit authorizing such discharge**." S. River Watershed All., Inc. v. Dekalb Cnty., Ga., 484 F. Supp. 3d 1353, 1362 (N.D. Ga. 2020) (citing 33 U.S.C. § 1311(a)) (emphasis added). Of note, the Northern District opinion is not very applicable, considering the opinion mainly deals with the "diligent prosecution" bar to citizens' suits, but the court's reading of Section 301 is informative and consistent with applicable CWA law.[3]

Ward v. Stucke provides a proper illustration of the relationship between Section 301 and 404 and when a citizens' suit can be brought for the discharge of dredged and/or fill material. No. 3:18-cv-263, 2021 WL 4033166 *1 (S.D. Ohio September 3, 2021). In *Ward*, the plaintiffs brought suit for "unauthorized discharges of dredged and/or fill materials, in violation of" Sections 301 and 404 of the CWA. Id. In analyzing the applicable sections, the court stated:

> The Act "broadly states that (with certain exceptions) 'the discharge of any pollutant by any person' **without an appropriate permit** 'shall be unlawful.' " Cnty. of Maui, Hawaii v. Hawaii Wildlife Fund, —— U.S. ——, 140 S. Ct. 1462, 1468, 1469 (2020) (quoting 33 U.S.C. § 1311, i.e., section 301 of the CWA). Regarding permitting, 33 U.S.C. § 1344(a) (i.e., section 404(a) of the CWA) "authorizes the Secretary of the Army (through the United States Army Corps of Engineers), or a state with an approved program, to issue permits for the discharge of dredged or fill material into the navigable waters at specified disposal sites." U.S. v. Cundiff, 555 F.3d 200, 206 (6th Cir. 2009) (internal quotation marks omitted).

Id. at *4 (emphasis added).

Of particular importance in the court's analysis, it was undisputed that the defendants did not have a 404 permit to allow the discharge of dredge and/or fill material. Id. at *4. Thus, a citizens' suit may be brought via Section 301 for the discharge of dredge and/or fill material **when there is no permit**. See (Reply to Plaintiffs' Response in Opposition to Defendant's

---

[3] The plaintiffs brought a citizens' suit for alleged violation of a 402 permit, which is allowed under  33 U.S.C. § 1365, unlike a 404 permit.

4

Motion to Dismiss, Doc. 31 at 13) (explaining that "Plaintiffs cite a litany of additional case law that, according to them, stands for the proposition that, despite Congress's clear language, the CWA actually does authorize citizen suits for an alleged violation of a Section 404 permit. (Doc. 29 at 18-19). However, all the cases cited by Plaintiffs, save one, deal with situations where the defendants were discharging without a Section 404 [p]ermit.").

B. CASE LAW PREVIOUSLY CITED BY THE PLAINTIFFS IS EITHER CONSISTENT WITH THE APPLICABLE CURRENT LAW REGARDING THE COURT'S QUESTION, OR INAPPLICABLE IN ITS ENTIRETY.

In Plaintiffs' Motion to Compel [sic] to Provide a More Definite Statement and to Establish a Limited Briefing Schedule, Plaintiffs assert that additional briefing was required because several courts have "entertained jurisdiction over Section 404 and 301." (Doc. 52 at 8). Specifically, Plaintiffs cited to Sawtooth Mountain Ranch, LLC v. U.S. and Baker, et. al. v. Mortg. of Am. Lenders, LLC. No. 1:19-cv-00118-CWD, 2022 WL 562612 (D. Idaho Feb. 24, 2022); No. 2:20-CV-003, 2021 WL 4491733 (S.D. Ga. Sept. 30, 2021).

The opinion in Sawtooth Mountain Ranch, LLC, certainly provides some guidance regarding the interplay of the at-question sections of the CWA, but does not entertain jurisdiction for an alleged violation of a permit issued under Section 404. 2022 WL 562612 at *1. First and foremost, this case does not involve an attempted citizens' suit for an alleged violation of a 404 permit. Id. It is an administrative appeal. Id.

The plaintiffs brought a battery of claims in their appeal, including a violation of the CWA. Id. The section of the court's opinion on the CWA heavily focuses on agency action but also explains the role of the Army Corps of Engineers (hereinafter, the "Corps") under the nationwide permit system and discusses the interplay between Section 301 and 404.

Specifically, plaintiffs argued that the government defendants "failed to disclose the nature of the wetlands … in the pre-construction notification to the Army Corps of Engineers," and thus,

5

the Corps "lacked critical information necessary for it to make an informed decision as to whether the proposed trail construction activities were covered by Nationwide Permit 42 (NWP 42)," arguing that this rendered the nationwide permit invalid.[4] Id. at *16. Moreover, and applicable to this Court's question, the Idaho District Court stated:

> …[p]laintiffs attempt to circumvent the nationwide permit system by attacking the veracity of the statements [d]efendants made in the pre-construction notification itself. Put simply, [p]laintiffs' claim rests upon their allegation that [d]efendants lied regarding the nature of the wetlands and the impact to ESA-listed species and their habitat to obtain the Corps' verification that the Trail Project could proceed under NWP 42. But the Corps's role under the nationwide permit system is limited to determining whether the project in question does or does not satisfy the terms of the general permit…. The nationwide permit process is far less involved than the probing assessment of the particular facts, circumstances, and environmental consequences of a specific project proposal that precedes a Corps determination of whether an individual discharge permit should issue.

Id. at *19.[5]

Plaintiffs cited to <u>Sawtooth Mountain Ranch, LLC</u>, for the proposition that a citizens' suit may be brought for violation of a permit limitation. (Doc. 52 at 8) (citation omitted). However, this was only a partial citation of the Idaho District Court's holding. Indeed, the district court stated that "a citizen suit may be brought for violation of a permit limitation" included in the enumerated list contained in Section 1365(f), which excludes violations of Section 404 permits. Id. at *18.

---

[4] Nationwide permits are issued under Section 404 of the CWA. Id. at *17.

[5] The Corps makes the determination as to compliance with a nationwide permit. It was not intended by statute for 404 permits to be challenged in citizens' suits. In the instant matter, the Corps determined, "[t]he applicant has not built any structures to date, has filled within the allowable footprint and has stated they plan to build the authorized structures in the future. Based upon all information provided and with the advice of OC, the Corps has (sic) concluded that SAS-2013-00045 is presently in compliance with the previously authorized NWP 39 verification. All future work associated with the project site must be constructed in accordance with the information submitted as any revisions may invalidate this permit." (Doc. 24-5 at ¶ 3). The Corps was aware of all Plaintiffs' allegations, stated that Sea Island was in compliance with its permit, and placed no time limit on when a commercial structure must be built. See (Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss, Doc. 31 at 15-19).

Further, the court briefly analyzed the interplay of Section 301 and 404 in relation to a nationwide permit, stating:

> In this case, the only conceivable effluent standard implicated is the "discharge of a pollutant." 33 U.S.C. § 1311(a). However, Section 1311(a) states that the discharge of any pollutant by any person is unlawful, "[e]xcept as in compliance with this section and section[ ]...1344." Section 1344 is applicable to permits for dredged or fill material, and specifically references the Secretary's ability to issue "general permits on a State, regional, or nationwide basis for any category of activities involving discharges of dredged or fill material...." 33 U.S.C. § 1344(3)(1). Here, there is no dispute that the Corps authorized the Trail Project in accordance with NWP 42.

Id. at *20 (internal citation omitted). [6]

Dismissing the plaintiffs' claim under the CWA, the court found that there was no evidence that the construction activities "exceed[ed] the limitations expressed in NWP 42," and "[t]here was no dispute that the Corps authorized the Trail Project to proceed under NWP 42." Id. at *20-21.

Plaintiffs also cited to *Baker* in supporting their assertion that courts have considered the jurisdiction of CWA claims under Section 404. Said case is wholly inapplicable to this matter.

In *Baker*, this Court, in the Brunswick Division, found summary judgment not appropriate in the narrow questions of: (1) whether claims for violations of CWA Sections 301, 401, and 404 were barred by Section 505(b)(1)(B), commonly referred to as the "diligent prosecution" bar to citizens' suits; and (2) whether Plaintiffs claims were moot because of the sale of certain lots in question. 2021 WL 4491733 at *2, 4. Notably, the facts of this case dealt with a nationwide permit where a defendant filled more than the authorized amount as permitted by the issued nationwide permit. Id. at *1.

---

[6] There is no dispute that the Corps issued Sea Island NWP 39. It is further undisputed that Sea Island filled the wetland within the allowable footprint shortly after the permit was issued.

The only common denominator between this matter and the *Baker* case is a nationwide permit. However, the claim brought by the plaintiffs in the *Baker* case involved filling wetlands without a permit, a clear distinction from the allegations made by the Plaintiffs in this matter. Id. The opinion in *Baker* offers no analysis related to the interplay of Sections 301 and 404 of the CWA, and thus, is inapplicable to the Motion to Dismiss filed by this Defendant.

## CONCLUSION

The enforcement of a Section 404 nationwide permit is solely within the discretion of the Corps. The CWA does not provide for a citizens' suit for an alleged violation of a Section 404 permit. Case law decided since the last briefing to the Court continues to make this clear. As discussed in Sawtooth Mountain Ranch, LLC, Plaintiffs should not be able to circumvent the nationwide permit system by attacking the veracity of statements made by Defendant in the application process. The Corps determines whether the Defendant is in compliance with its 404 permit, and by the documents Plaintiffs attached to their Amended Complaint, it is clear the Corps determined Sea Island was in compliance with NWP 39 despite the Plaintiffs' allegations.

Case law continues to make clear that the Plaintiffs have no Section 301 claim against the Defendant. Section 301 prohibits the discharge of any pollutant from any point source in the absence of a permit. It is undisputed Sea Island had a 404 permit and filled the wetland within the allowable footprint. (Doc. 24-5 at ¶ 3). Therefore, Plaintiffs' Section 301 claim fails as a matter of law.

The CWA allows for the Corps, exclusively, to determine the validity of a Section 404 permit and whether an applicant is in compliance with the permit. Congress specifically excluded the right to file a citizens' suit to attack an applicant's compliance with a Section 404 permit or the validity of the permit. All of Plaintiffs' claims in this matter are based on an attack of Sea

Island's Section 404 permit. The Plaintiffs are not entitled to bring a citizens' suit asserting such allegations, and therefore, all of Plaintiffs' claims should be dismissed and Sea Island's Motion to Dismiss the Amended Complaint should be granted.

Respectfully submitted, this 11th day of July, 2022.

HALL BOOTH SMITH, P.C.

*_/s/ James B. Durham_*
JAMES B. DURHAM
Georgia Bar No. 235526
MATTHEW B. BALCER
Georgia Bar No. 736877
*Attorneys for Defendant Sea Island Acquisition, LLC*

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Phone: (912) 554-0093
Fax: (912) 554-1973
Email: *jdurham@hallboothsmith.com*
*mbalcer@hallboothsmith.com*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

|  |  |
|---|---|
| THE GLYNN ENVIRONMENTAL COALITION. and CENTER FOR A SUSTAINABLE COAST, and JANE FRASER in her individual capacity, and as member of THE GLYNN ENVIRONMENTAL COALITION and CENTER FOR A SUSTAINABLE COAST, | CIVIL ACTION FILE NO. 2:19-CV-00050-JRH-BWC |
| Plaintiff, |  |
| v. |  |
| SEA ISLAND ACQUISITION, LLC, |  |
| Defendant. |  |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **SEA ISLAND ACQUISITION, LLC'S SUPPLEMENTAL BRIEFING ON DEVELOPMENTS IN THE LAW REGARDING AVAILABILITY OF CITIZENS' SUITS UNDER SECTIONS 301 AND 404 OF THE CLEAN WATER ACT** upon all parties to this matter by filing said documents with the CM/ECF system which will automatically send electronic notification to the following:

E. Righton J. Lewis
BUTLER SNOW, LLP
1170 Peachtree St. NE, Suite 1900
Atlanta, GA 30309

John A. Brunini
Laura D. Heusel
BUTLER SNOW, LPP
1020 High Colony Parkway, Suite 1400
Ridgeland, MS 39157

Adam M. Langley
BUTLER SNOW, LLP
6075 Poplar Ave., Suite 500
Memphis, TN. 38119

Respectfully submitted this 11th day of July, 2022.

HALL BOOTH SMITH, P.C.

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Phone: (912) 554-0093
Fax:    (912) 554-1973
Email: jdurham@hallboothsmith.com

/s/ James B. Durham
JAMES B. DURHAM
Georgia Bar No. 235526
*Attorney for Defendant*
*Sea Island Acquisition, LLC*

10